## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**AARON STAHEL,**

      **Plaintiff,**

                        **CASE NO.:**

**vs.**

**BENNETT RETIREMENT**
**COMMUNITIES, LLC, d/b/a Curlew**
**Care of Clearwater and K AND D**
**CARE COMMUNITIES, LLC, d/b/a**
**Evergreen Manor Retirement Home**
**AND KATHRYN D. GARCIA,**
**INDIVIDUALLY,**

      **Defendants.**              /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, AARON STAHEL, ("STAHEL" or "Plaintiff") was an employee of Defendants, BENNETT RETIREMENT COMMUNITIES, LLC, d/b/a Curlew Care of Clearwater, ("BENNETT"), K AND D CARE COMMUNITIES, LLC, d/b/a Evergreen Manor Retirement Home ("K and D") and KATHRYN D. GARCIA, Individually ("GARCIA") (collectively referred to as "Defendants") and brings this action for unpaid overtime compensation, unpaid minimum wages, liquidated damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION AND VENUE

1.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. §§ 206(a) and 207(a).

2.     The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor

conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.      Section 6(a) of the FLSA requires payment of at least the statutory minimum wage for all hours worked per workweek. 29 U.S.C. § 206(a).

4.      Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

5.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

6.      To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## **INTRODUCTION**

7.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

8.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

9.     At all times material hereto, Plaintiff, STAHEL was a resident of Pinellas County, Florida.

10.     Defendant, BENNETT, conducts business in, among others, Pinellas County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

11.     Defendant, K and D, conducts business in, among others, Pinellas County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

12.     Defendant, BENNETT, a Florida Profit Corporation, is a company categorized as a retirement home located at 2730 Curlew Road, Clearwater, Florida 33761.

13.     Defendant, K and D, a Florida Limited Liability Corporation, is in the business of operating a retirement home located at 3297 SR 580, Safety Harbor, Florida 34695.

14.     At all times relevant to this action, GARCIA was an individual resident of the State of Florida, who owned and/or operated BENNETT and K and D, and who regularly exercised the authority to: (a) hire and fire employees of BENNETT and K and D; (b) determine the work and pay schedules for the employees of BENNETT and K and D; (c) control the finances and operations of BENNETT and K and D; and (d) was responsible for the overall business operations of BENNETT and K and D.

15.     Plaintiff was employed by Defendants as salaried non-exempt cook from on or around January 2019 through May 2019.

3

## COVERAGE

16.     At all material times during the last three years, Defendant, BENNETT was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203 (r) and 203 (s).

17.     At all material times during the last three years, Defendant, K and D was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203 (s).

18.     Defendants BENNETT and K and D each provide assisted living services to their residents.

19.     Defendants BENNETT and K and D perform related activities, through a unified operation or common control, and for a common business purpose.

20.     At all material times, Defendants BENNETT and K and D have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

21.     At all times material, Defendants BENNETT and K and D have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a.   Engaged in commerce; or

    b.   Engaged in the production of goods for commerce; or

    c.   Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. beds, medical supplies, and/or office supplies).

22.     Therefore, Defendants BENNETT and K and D operate as a joint enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

## GENERAL ALLEGATIONS

23.     Defendant, BENNETT, is a company classified as a retirement home/assisted living facility.

24.     Defendant, K and D, is a company classified as a retirement home/assisted living facility.

25.     At all material times during the last three years, Defendants were employers as defined by 29 U.S.C. § 203(d).

26.     Defendants control and supervise their employees and also have the power to determine their rates of pay and hire/fire them.

27.     Plaintiff earned a salary in exchange for work performed as a cook for Defendants from on or around January 2019 through April 2019.

28.     Plaintiff performed cooking duties for Defendants at their BENNET facility located at 2730 Curlew Road, Clearwater, Florida 33761.

29.     Plaintiff performed cooking duties for Defendants at their K and D facility Located at 3297 SR 580, Safety Harbor, Florida 34695.

30.     Defendants were joint "employers" of Plaintiff within the meaning of the FLSA.

31.     Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

32.     Plaintiff regularly worked in excess of forty (40) hours per week throughout his employment with Defendants.

33.     Despite working more than forty (40) hours per week during one or more work weeks, Defendants failed to pay Plaintiff overtime compensation at a rate of time and one-half times him regular rate of pay for hours worked over forty (40) in a workweek, contrary to §207(a) of the FLSA.

34.     Plaintiff did not receive his last paycheck from Defendants.

5

35.     As a result, Plaintiff did not earn at least the statutory minimum wage for all hours worked during his last pay period worked for Defendants.

36.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime and minimum wage compensation to Plaintiff.

37.     Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

38.     Defendants had acted willfully in failing to pay Plaintiff in accordance with the law.

39.     Defendants failed to maintain proper time records as mandated by law.

40.     Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

41.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-40 above.

42.     Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

43.     From on or about January 2019 through April 2019 during his employment with Defendants, Plaintiff worked overtime hours without receiving time and one-half compensation for same during one or more workweeks contrary to the FLSA.

44.     Plaintiff should have earned time and one-half compensation for each hour worked in excess of forty (40) hours per workweek.

45. Defendants had knowledge of the overtime hours worked by Plaintiff.

46. Defendants are aware of the laws which require its employees be paid overtime compensation on a week by week basis.

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

48. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff his proper overtime wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

49. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

50. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

      a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek;

      b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

      c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

      d. Ordering any other further relief the Court deems just and proper.

## COUNT II - RECOVERY OF MINIMUM WAGES

51. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-40 above.

52.     Plaintiff was entitled to earn the statutory minimum wage rate for all hours worked per week while employed as a cook for Defendants.

53.     Plaintiff is entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during his employment with Defendants pursuant to 29 C.F.R. 778.5.

54.     Defendants failed to compensate Plaintiff at the applicable statutory minimum wage rate for all hours worked per week during one or more workweeks.

55.     Defendants were aware of the laws which required that its employees be paid at least the statutory minimum wage for all hours worked per workweek.

56.     Despite its knowledge of these laws, Defendants violated the FLSA's provision on minimum wages (29 U.S.C. §206).

57.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

58.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff his proper minimum wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

59.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

60.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

     a.   Awarding Plaintiff his unpaid minimum wages;

     b.   Awarding liquidated damages in an amount equal to the minimum wage award, or

alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: _____9/20/19_____.

Respectfully submitted by,

Kimberly De Arcangelis, Esq.
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: KimD@forthepeople.com
*Trial Attorneys for Plaintiff*